# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Tonica M. Lowe-Miller<br>                           Debtor<br><br>CITIMORTGAGE, INC.<br>                           Movant<br>    v.<br>Tonica M. Lowe-Miller<br>Nelson Miller  (CoDebtor)<br>and Scott Waterman, Esquire        Respondents | Chapter 13<br><br>Case No. 18-13334 JKF |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

CITIMORTGAGE, INC. ("Movant") hereby moves this court, pursuant to 11 U.S.C. § 362 and the CoDebtor Stay of §1301, for relief from the automatic stay with respect to certain real property of the Debtor having an address of 269 Maple Avenue, Morton, PA 19070 (the "Property"), for all purposes allowed by the Note (defined below), the Mortgage (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on 5/18/2018.
2. The Chapter 13 Plan was confirmed on 12/12/2018.
3. The Debtor has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $191,201.00 (the "Note"). A copy of the Note is attached hereto as **EXHIBIT A.** Movant is an entity entitled to enforce the Note.
4. Pursuant to that certain Mortgage dated 8/26/2010, and recorded in the office of the county clerk of Delaware County, Pennsylvania (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the Mortgage are secured by the Property. A copy of the Mortgage is attached hereto as **EXHIBIT B**.
5. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to an assignment of mortgage. A copy of the Assignment of Mortgage is attached hereto as **EXHIBIT C**.
6. A copy of the Loan Modification recorded 4/19/2017 is attached hereto as **EXHIBIT D.**
7. CitiMortgage, Inc. services the loan on the property referenced in this Motion for Relief. In the event the automatic stay in this case is modified, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of CITIMORTGAGE, INC., "noteholder". Noteholder directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Noteholder or has been duly endorsed. Noteholder is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan.
8. As of 2/5/2019, the outstanding amount of the Obligations less any partial payments or suspense balance is **$164,100.41.**

9. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in Connection with seeking the relief requested in this Motion, Movant has also incurred $850.00 in legal fees and costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

10. The following chart sets forth the number and amount of post-petition payments due pursuant to the terms of the Note that have been missed by the Debtor as of 2/5/2019.

| # of Missed Pymts | From: | To: | Monthly Pymt Amt | Total Missed Pymts: |
|---|---|---|---|---|
| 3 | 12/1/2018 | 2/1/2019 | $1,501.84 | $4,505.52 |
| **Less Debtor Suspense:** | | | ($20.16) | |
| **TOTAL:** | | | $4,485.36 | |

11. As of 2/5/2019, the total post-petition arrearage/delinquency is $4,485.36.

12. The estimated market value of the property is $233,372.00. The basis for such valuation is Debtor's Schedule A/B, which is attached hereto as **EXHIBIT E**. The debtor claimed exemption in Schedule C on the property in the amount of $24,925.00.

13. Upon information and belief, the encumbrances on the property listed in the schedules or otherwise known, including but not limited to the encumbrances granted to Movant, listed in order of priority are: (I) Movant (**$164,100.41**).

14. The amount of the next monthly payment of the Debtor under the terms of the Note and Mortgage is $1,501.84 and will come due on 3/1/2019.

15. Cause exists for relief from the automatic stay for the following reasons:

    a. Movant's interest in the property is not adequately protected.

    b. Post confirmation payments required by the confirmed plan or proposed plan have not been made to Movant.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by the Note, the Mortgage, and applicable law, including but not limited to allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the property.
2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
3. That the 14 Day Stay described by Bankruptcy Rule 4001(a)(3) be waived.
4. For such other relief as the Court deems proper.

March 26, 2019

/s/ **Amanda L. Rauer, Esquire**
POWERS KIRN, LLC
Jill Manuel-Coughlin, Esquire; Atty ID # 63252
Harry B. Reese, Esquire; Atty ID #310501
Amanda L. Rauer, Esquire; Atty ID #307028
8 Neshaminy Interplex, Suite 215
Trevose, PA 19053
215-942-2090 phone; 215-942-8661 fax
bankruptcy@powerskirn.com
Attorney for Movant